# MacAfee *v.* Catchings.

*Receivership.*

(Decided Dec. 19, 1907. 45 So. Rep. 155.)

*Appeal; Review; Subsequent Orders.*—Where the appeal is from a decretal order carrying into effect the provisions of the previous decree and the original decree is not in the record such original decree cannot be reviewed on such an appeal.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

Action between B. S. Catchings, as assignee, and W. H. MacAfee, as assignee. From the decree, W. H. Mac-Afee, as assignee, appeals. Affirmed.

JOHN W. TOMLINSON, for appellant. There may be two decrees, one settlting the merits, and the other based on the report of the register, and from each an appeal will lie.—*Bradford v. Bradley*, 37 Ala. 433; *Jones v. Wilson*, 54 Ala. 50; *Malone v. Mariott*, 54 Ala. 486; *Adams v. Sayre*, 76 Ala. 509; Sec. 426, Code 1896.

B. F. CATCHINGS, and W. E. FORT, for appellee. No brief came to the Reporter.

DOWDELL, J.—The record contains two appeals from two distinct decrees. The certificate of the register shows one appeal taken on the 23d of May from a decree rendered on the 17th of May, 1906, and the second appeal taken on the 1st of June from a decree rendered on the 29th of May, 1906. The record fails to show any decree of May 17, 1906, and the only final decree contained in the record from which an appeal would lie is the one of May 29, 1906. This latter decree is nothing more than a decretal order carrying into effect some prior final decree of the court, in which, manifestly, the rights of the parties had been adjudicated. This condition of the record renders it impossible for us to do more than consider the decree of May 29th. This decree was entered on motion of the appellee to carry into effect a former decree, and was rendered on a hearing of the motion and on appellant's demurrers thereto. The court overruled the demurrer, and granted the motion, decreeing accordingly. It was shown in the motion that by a former decree of the court in the cause the appellee, Catchings, had a lien upon the fund in question and was

entitled to be paid his claim out of it; and this the demurrer admitted. As stated above, the decree of May 29th was but the effectuation of a prior decree in the cause, which prior decree is not contained in the record, and hence cannot be reviewed. No error appears in the rendition of the decree of May 29, 1906.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.